IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOMINIQUE D. THOMAS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-25-00321-JD |
| TIM CARTER, | ) |
| Respondent. | ) |

## **ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield on January 28, 2026. [Doc. No. 15]. The R. & R. recommends that the Court deny Petitioner Dominique D. Thomas's ("Thomas") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] and his Motion to Proceed without Delay [Doc. No. 14]. Because Thomas failed to object, the Court accepts the Report and Recommendation.

Thomas, appearing pro se, seeks credit against his federal sentence for time served on a state sentence in Douglas County District Court, Nebraska, Case CR19-707, from March 23, 2020, through November 16, 2020. [Doc. No. 1 at 6]. The R. & R. concludes that the Bureau of Prisons ("BOP") properly declined to credit this time because 18 U.S.C. § 3585(b) prohibits crediting time that has already been applied to another sentence. R. & R. at 4–5. The R. & R. also recommends denying the Motion to Proceed Without Delay. *Id.* at 2–3. The R. & R. advised Thomas of his right to object by February

18, 2026, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the R. & R. *Id.* at 7.

Thomas did not file an objection or request an extension of time to do so.[1] "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Thomas had an opportunity to be heard on the way Judge Maxfield resolved his petition and motion by filing a timely objection to the R. & R. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished) (explaining that there are no due process concerns when the "petitioner had an opportunity to address the matter by objecting to the magistrate judge's recommendation prior to the district court's adoption thereof"). By not objecting to a magistrate judge's report and recommendation, the petitioner waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and

---

[1] "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. *See also* Fed. R. Civ. P. 5(b)(2)(C).

legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Here, the R. & R. sufficiently informed Thomas of both the time period for objecting and the consequences of failing to object. *See* R. & R. at 7. The interests of justice do not require review because the R. & R. was mailed to Thomas's address of record as of January 28, 2026, and the Court has no evidence of Thomas's effort to comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Thomas has waived his right to challenge the R. & R. The Court therefore accepts the R. & R. without objection.

Alternatively, de novo review would lead the Court to reach the same conclusions as Judge Maxfield.

First, Thomas's Motion to Proceed Without Delay [Doc. No. 14] lacks merit. Respondent timely filed the Motion to Dismiss on May 27, 2025. [Doc. No. 12]. Although the initial mailing to Thomas was returned due to an incorrect register number, Respondent sent a corrected copy on June 18, 2025. [Doc. No. 13]. The Court therefore denies the Motion to Proceed Without Delay.

Second, Thomas's petition fails on the merits. Thomas asserts that the BOP is not properly executing his sentence because he has not been given credit for time served in state custody from March 23, 2020, through November 16, 2020. [Doc. No. 1 at 6]. Under 18 U.S.C. § 3585(b), a defendant may receive credit toward his federal sentence for time spent in official detention prior to the date the sentence commences, but not if that time "has . . . been credited against another sentence." *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006). Thomas's state sentence for Douglas County District Court Case No. CR19-707 began on March 23, 2020, and he was released on parole on November 16, 2020. [Doc. No. 12-3 at 2]. Because this time was credited toward Thomas's state sentence, it cannot also be applied to his federal sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Fuimaona v. Hudson*, 845 F. App'x 795, 796 (10th Cir. 2021) (unpublished) (stating that BOP properly calculated credit when time was credited to state conviction).

Although the sentencing court in Nebraska recommended that Thomas "should be given credit for time served for the time spent in state custody," [Doc. No. 12-7 at 3], this recommendation does not directly apply credit to Thomas's sentence because "a district court . . . cannot apply § 3585(b) at sentencing." *Wilson*, 503 U.S. at 333. Rather, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *Id.* at 335. Moreover, as noted by the R. & R., BOP policy states that when a judgment makes a recommendation for time credit that is not authorized by law, the BOP need not apply such credit. R. & R. at 5–6.

4

Because the sentencing court's recommendation to the BOP is not credit authorized under 18 U.S.C. § 3585(b), the BOP properly declined to implement it. *See id.*

Finally, to the extent the sentencing court may have intended to grant a downward departure or variance for time served on a discharged sentence, such relief "is not . . . properly raised in a § 2241 habeas petition" but instead "can be considered only by the sentencing court by way of a motion to correct sentence filed pursuant to 28 U.S.C. § 2255." *Fuimaona*, 845 F. App'x at 796. Thomas appears to be pursuing relief with the sentencing court. *See* Motion for Sentence Adjustment, *United States v. Thomas*, Case No. 8:22-cr-00047-BCB-RCC-5, ECF No. 434 (D. Neb.) (filed Oct. 27, 2025).

Therefore, the Court ACCEPTS the R. & R. [Doc. No. 15], DENIES the Motion to Proceed Without Delay [Doc. No. 14], and DENIES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1].[2] A separate judgment will follow.

IT IS SO ORDERED this 6th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Thomas waived his right to appeal by failing to object to the R. & R., and the firm waiver rules applies. Regardless, a certificate of appealability is not required. *Bradshaw v. Story*, 86 F.3d 164, 165–66 (10th Cir. 1996).